## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Nina Haskin, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   18 C 3008 |
| Convergent Outsourcing, Inc., a Washington corporation and I.C. System, Inc., a Minnesota corporation, | ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## CLASS ACTION COMPLAINT

Plaintiff, Nina Haskin, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; and b) Plaintiff and Defendants reside here.

## PARTIES

3.     Plaintiff, Nina Haskin ("Haskin"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendants attempted to collect a defaulted consumer debt that she allegedly owed to Comcast.

4.     Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington

corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Convergent operates a defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Convergent was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant, I.C. System, Inc. ("IC System"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. IC System operates a defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant IC System was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.      Convergent and IC System are both authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct extensive business in Illinois.

7.      Convergent and IC System are both licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Department of Professional Regulation, attached as Group Exhibit B. In fact, both Defendants act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

8.      Defendant Convergent sent Ms. Haskin an initial form collection letter,

dated November 27, 2017, demanding payment of a defaulted consumer debt she allegedly owed to Comcast. A copy of this letter is attached as Exhibit C.

9.      Inexplicably, and only seventeen days later, Defendant IC System also sent Ms. Haskin an initial form collection letter, dated December 14, 2017, demanding payment for the same defaulted debt that she allegedly owed to Comcast. This collection letter also contained the notice required by § 1692g of the FDCPA of her "validation rights", i.e., that she had 30 days to dispute the debt, etc. A copy of this letter is attached as Exhibit D.

10.     There was, however, no information as to how Convergent's prior demand for payment (Exhibit C) and IC System's current demand for payment (Exhibit D) fit together, why IC System was also now collecting the debt, or why both Convergent and IC System were collecting the same debt at the same time.

11.     Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay or whether to dispute a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Defendants' conflicting collection demands left Plaintiff without the statutorily-required information of how long she had to exercise her validation rights, and to whom she had to exercise them, or to whom she needed to make payment – all of which is material information that would play a role in a consumer's decision of what to do about the collection of the debt at issue.

12.     In fact, Defendants' "dueling" collection letters confused Plaintiff.

13.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, <u>see</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g –
### Ineffectively Conveying the 30-Day Validation Notice

15.    Plaintiff adopts and realleges ¶¶ 1-14.

16.    Section 1692g(a) of the FDCPA requires a debt collector to send the consumer an effective validation notice within 5 days after the debt collector's initial communication with the consumer; among other information, the debt collector must notify the consumer, that he or she has 30 days after receipt of the notice to challenge the validity or amount of the debt, and seek verification of it, <u>see</u>, 15 U.S.C. § 1692g(a).

17.    Defendants' letters did not effectively convey the 30-day validation notice. Although Convergent and IC System each provided a validation notice, they made those notices ineffective by trying to collect the same debt at the same time without any explanation as to how their conflicting demands for payment fit together.  Defendants' form collection letters thus violate § 1692g of the FDCPA, <u>see</u>, <u>Bartlett v. Heibl</u>, 128 F.3d 497, 501 (7th Cir. 1997).

18.    Defendants' violations of § 1692g of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## COUNT II
### Violation of § 1692e of the FDCPA –
### Deceptive and Misleading Collection Actions

19.    Plaintiff adopts and realleges ¶¶ 1-14.

20.    Section 1692eof the FDCPA prohibits debt collectors from using any false,

4

deceptive, or misleading representation or means in connection with the collection of any debt, see, 15 U. S. C. §1692e.

21.     Defendants sent conflicting collection letters to Ms. Haskin demanding payment for the same debt at the same time.  Defendants' collection actions are deceptive or misleading because the consumer would not know (a) how long she had to exercise her validation rights, (b) which debt collector she should notify in exercising those rights, or (c) which debt collector she should pay.  Thus, Defendants' conflicting collection demands were false, deceptive or misleading, in violation of § 1692e of the FDCPA.

22.     Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**COUNT III**
**Violation of § 1692f of the FDCPA –**
**Unfair and Unconscionable Collection Actions**

23.     Plaintiff adopts and realleges ¶¶ 1-14.

24.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

25.     Defendants sent conflicting collection letters to Ms. Haskin demanding payment for the same debt at the same time.  Defendants' collection actions are unfair and unconscionable because the consumer would not know (a) how long she had to exercise her validation rights, (b) which debt collector she should notify in exercising those rights, or (c) which debt collector she should pay.  Thus, Defendants' conflicting collection demands were unfair or unconscionable, in violation of § 1692f of the FDCPA.

5

26.     Defendants' violations of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

27.     Plaintiff, Nina Haskin, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendants attempted to collect a defaulted consumer debt allegedly owed to Comcast through the same form collection letters (Exhibits C and D) that Defendants sent to Plaintiff, where the letters were sent within 30 days of each other, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' collection practices violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

28.     Defendants regularly engage in debt collection, using the same collection practices and form letters they sent to Ms. Haskin, in their attempts to collect defaulted consumer debts from other consumers.

29.     The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letters they sent Ms. Haskin.

30.     Ms. Haskin's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31.     The prosecution of separate actions by individual members of the Class

would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

32. Ms. Haskin will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Ms. Haskin has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Nina Haskin, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Haskin as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letters violates the FDCPA;

4. Enter judgment in favor of Plaintiff Haskin and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.  Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Nina Haskin, individually and on behalf of all others similarly situated,

demands trial by jury.

Nina Haskin, individually and on behalf
of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  April 27, 2018

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch     (Ill. Bar No. 06327475)
Philipps& Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com